**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

JIVAN KHATRI, )
)
Petitioner, )
)
v. ) Case No. CIV-26-1637-J
)
CHRIS GANTT, et al., )
)
Respondents. )

**ORDER**

Petitioner Jivan Khatri, a citizen of Nepal, is currently in the custody of the U.S. Immigration and Customs Enforcement (ICE). He has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his detention [Doc. No. 1]. The matter was referred to United States Magistrate Judge Amanda L. Maxfield who issued a Report and Recommendation [Doc. No. 13] recommending that the Court grant, in part, the Petition by ordering Respondents to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise release Petitioner if he has not received a bond hearing within that period. Respondents filed timely objections [Doc. Nos. 14 and 15], triggering de novo review as to the portions of the Report and Recommendation to which a specific objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023).

Petitioner is a citizen of Nepal who entered the United States without inspection on September 20, 2023. U.S. Customs and Border Protection (CBP) arrested Petitioner on that same date. CBP also issued a Notice to Appear, initiating Petitioner's removal proceedings. Petitioner was released from custody into the United States pursuant to conditional parole. During his removal proceedings, Petitioner filed a Form I-589, Application for Asylum and for Withholding of Removal. On or about June 4, 2026, ICE re-detained Petitioner.

In their objections, Respondents concede that the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026) is controlling in this case and request that any order be limited to ordering Respondents to provide a bond hearing within seven days. Objs. at 1. In that case, the Tenth Circuit held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Santillan Quiroz*, 180 F.4th at 1237; *see also Moreta-Mateo v. Warden, Diamondback Corr. Facility*, No. CIV-26-539-J, 2026 WL 1822994, at *2 (W.D. Okla. June 24, 2026). Therefore, the Court finds that Petitioner is entitled to a bond hearing and Respondents' failure to provide one violates the Immigration and Nationality Act.

Accordingly, the Court ADOPTS the Report and Recommendation [Doc. No. 13] and GRANTS Petitioner's Petition for Writ of Habeas Corpus in part as follows: Respondents are ordered to provide Petitioner with an individualized bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days of the date of this Order. Respondents shall certify compliance within ten (10) days of the date of this Order.

A separate judgment will enter.

IT IS SO ORDERED this 10th day of August, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE